1  SEYFARTH SHAW LLP
   Michael J. Burns (SBN 172614)
2  mburns@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone:  (415) 397-2823
4  Facsimile:   (415) 397-8549

5  Attorneys for Defendant
   IHG Management (Maryland) LLC
6  (incorrectly sued as
   Intercontinental Hotels Group Resources, Inc. and
7  Six Continents Hotels, Inc.)

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12 | NICHOLAS BORAGI, an individual,          | Case No. '21CV0116 L   MSB
13 |       Plaintiff,                         |
   |                                          | **DEFENDANT'S NOTICE OF
14 |       v.                                 | REMOVAL OF CIVIL ACTION TO
   |                                          | UNITED STATES DISTRICT COURT
15 | INTERCONTINENTAL HOTELS                  | PURSUANT TO DIVERSITY OF
   | GROUP RESOURCES, INC., a                 | CITIZENSHIP JURISDICTION**
16 | Delaware corporation; SIX
   | CONTINENTS HOTELS, INC., a               | (Removed from San Diego County
17 | Delaware corporation; IHG                | Superior Court, Case No. 37-2020-
   | MANAGEMENT (MARYLAND) LLC,               | 00040843-CU-WT-CTL)
18 | a Maryland limited liability company;
   | and DOES 1 through 50, inclusive,        | Complaint filed: November 6, 2020
19 |
   |       Defendants.
20
21
22

23
24
25
26
27
28

67686839v.1                                                    NOTICE OF REMOVAL

# **TABLE OF CONTENTS**

PAGE

**I.** PLEADINGS, PROCESSES AND ORDER ................................................................ 1

**II.** TIMELINESS OF REMOVAL ................................................................................. 2

**III.** JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................ 3

    A. PLAINTIFF IS A CITIZEN OF CALIFORNIA ............................................. 4

    B. DEFENDANT IS NOT A CITIZEN OF CALIFORNIA ............................... 5

**IV.** AMOUNT IN CONTROVERSY ............................................................................. 6

    A. PLAINTIFF ADMITS HE SEEKS DAMAGES IN EXCESS OF $75,000.00 ........................................................................................................ 7

    B. EMOTIONAL DISTRESS DAMAGES ......................................................... 9

    C. ATTORNEY'S FEES AND COSTS ............................................................. 10

    D. PUNITIVE DAMAGES ................................................................................ 11

    E. CALIFORNIA LABOR CODE PENALTIES .............................................. 11

**V.** VENUE ...................................................................................................................... 11

**VI.** NOTICE OF REMOVAL ........................................................................................ 12

**VII.** PRAYER FOR REMOVAL .................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aboulafia v. GACN Inc.*,
  2013 WL 8115991 (Los Angeles Sup. Ct.) ................................................................. 9

*Aboulafia v. GACN Inc.*,
  2013 WL 811991 (Los Angeles Sup. Ct.) ................................................................... 8

*Beard v. Los Angeles Cnty. Law Library*,
  2009 WL 250543 (Los Angeles Sup. Ct.) ................................................................... 9

*Bisharat v. Los Angeles Unified Sch. Dist.*,
  2013 WL 1415554 (Los Angeles Sup. Ct.) ................................................................. 8

*Chamness v. Stonebridge Life Ins. Co.*,
  Case No. CV09-0780 AHM, 2009 WL 734137 (C.D. Cal. Mar. 18, 2008) ............... 4

*Chavez v. JP Morgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ...................................................................................... 6

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
  428 F.3d 206 (5th Cir. 2005) ...................................................................................... 3

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) .......................................................................... 6

*Crawford v. DIRECTV, Inc.*,
  2010 WL 5383296 (Los Angeles County Sup. Ct.) .................................................. 10

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) ................................................................................ 6, 11

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) .................................................................................... 5

*Davis v. Robert Bosch Tool Corp.*,
  2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ....................................... 10

*Denenberg v. Cal. Dep't of Transp.*,
  2006 WL 5305734 (San Diego County Sup. Ct.) ..................................................... 10

*Dodd v. Haight Brown & Bonesteel LLP*,
  2010 WL 4845803 (Los Angeles Sup. Ct.) ................................................................ 9

*Galt G/S v. JSS Scandinavia*,
    142 F. 3d 1150 (9th Cir. 1998) ...............................................................................6, 10

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ...............................................................................................6

*Jolly v. City of Long Beach*,
    2013 WL 3340512 (Los Angeles Sup. Ct.)..........................................................................8

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ...............................................................................................4

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) .............................................................................................4

*Kenny v. Wal-Mart Stores, Inc.*,
    881 F.3d 786 (9th Cir., Feb. 1, 2018) ..................................................................................3

*Leimandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.) ...................................................................10

*Malone v. Potter*,
    2009 WL 999514 (C.D. Cal.)...............................................................................................9

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999)..............................................................................................................2

*O'Connor v. UHS-Corona Inc.*,
    2011 WL 3606915 (Riverside Sup. Ct.) ..............................................................................8

*Peacock v. Quest Diagnostics*,
    2010 WL 6806990 (C.D. Cal.)......................................................................................9, 10

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) .......................................................................................................11

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) .............................................................................................3

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ...............................................................................................6

*Signlin v. Carden Whittier Sch. Inc.*,
    2012 WL 1798892 (Los Angeles Sup. Ct.)..........................................................................8

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.).......................................................................8, 9

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ...............................................................................................4

*Sun v. Transit Air Cargo, Inc.*,
   2012 WL 933613 (Orange County Sup. Ct.) ........................................................................8

*The Hertz Corp. v. Friend*,
   130 S. Ct. 1181 (2010) .......................................................................................................5

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ............................................................................................6

*Vanderheiden v. City of Alameda*,
   2011 WL 1562075 (Alameda County Sup. Ct.) .................................................................8

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
   2013 WL 7852947 (Los Angeles Sup. Ct.) .....................................................................8, 9

*Ward v. Cadbury Schweppes Bottling Grp.*,
   2011 WL 7447633 (C.D. Cal) .........................................................................................8, 9

*Welch v. Ivy Hill Corp.*,
   2011 WL 3293268 (Los Angeles Sup. Ct.) .........................................................................9

*Ybarra v. Dacor Holding Inc.*,
   2010 WL 2404221 (L.A. County Sup. Ct.) .........................................................................9

**Statutes**

28 U.S.C. section 1332(a) .............................................................................................................1, 7

28 U.S.C. section 1332(a)(1) .......................................................................................................3, 11

28 U.S.C. section 1332(c)(1) .............................................................................................................5

28 U.S.C. section 1441(a) .................................................................................................................4

28 U.S.C. sections 1441(a), and 1446 ..............................................................................................1

28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2) ........................................................................11

28 U.S.C. §§ 1446 .............................................................................................................................2

28 U.S.C section 1446(a) ................................................................................................................12

28 U.S.C. § 1446(b) ..........................................................................................................................3

28 U.S.C. § 1446(b)(2(B) .................................................................................................................3

28 U.S.C. § 1446(b)(2(C) .................................................................................................................3

28 U.S.C. section 1446(d) ...............................................................................................................12

Cal. Bus. & Prof. Code § 17200 Et Seq. ..........................................................................................2

NOTICE OF REMOVAL

67686839v.1

| | |
|---|---:|
| Cal. Civ. Proc. Code § 415.10 | 3 |
| Cal. Gov't Code § 12940(A) | 1 |
| Cal. Gov't Code § 12940(N) | 1 |
| Cal. Lab. Code 226.7 | 2 |
| Cal. Lab. Code §§ 201-203 | 2 |
| Cal. Lab. Code § 1102.5 | 1, 8 |
| California Family Rights Act | 8 |
| California Labor Code section 203. (Ex. A, Compl., ¶¶ 115) | 11 |
| Gov't Code § 12940(M) | 1 |

**Other Authorities**

| | |
|---|---:|
| IWC Wage Order No. 5-2001 | 2 |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that IHG Management (Maryland) LLC ("IHG" or "Defendant") (improperly sued as Intercontinental Hotels Group Resources, Inc. and Six Continents Hotels, Inc) hereby removes the above-entitled action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, asserting original jurisdiction under 28 U.S.C. section 1332(a) (Diversity Jurisdiction), and removal jurisdiction under 28 U.S.C. sections 1441(a), and 1446.

Defendant states that the removal is proper for the following reasons:

## I.   PLEADINGS, PROCESSES AND ORDER

1. On **November 6, 2020**, Nicholas Boragi ("Plaintiff" or "Boragi") filed an unverified Complaint in the Superior Court of California, County of San Diego, entitled: *NICHOLAS BORAGI v. INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Delaware corporation; SIX CONTINENTS HOTELS, INC., a Delaware corporation; IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,* Case Number 37-2020-00040843-CU-WT-CTL (the "Complaint"). A true and correct copy of the Complaint is attached to the concurrently filed Declaration of Michael J. Burns as **Exhibit A**.

2. The Complaint purports to allege eight (8) causes of action for:

(1) Retaliation [Cal. Lab. Code § 1102.5];

(2) Disability Or Medical Condition Discrimination [Cal. Gov't Code § 12940(A)];

(3) Failure To Engage In Timely, Good-Faith Interactive Process [Cal. Gov't Code § 12940(N)];

(4) Failure To Accommodate [Gov't Code § 12940(M)];

(5) Wrongful Termination In Violation Of Public Policy;

   (6) Failure To Provide Rest Periods Or Pay Compensation In Lieu Thereof [Cal. Lab. Code 226.7; IWC Wage Order No. 5-2001];

   (7) Failure To Timely Pay Final Wages [Cal. Lab. Code §§ 201-203]; and

   (8) Unlawful, Unfair, And/Or Fraudulent Business Practices [Cal. Bus. & Prof. Code § 17200 Et Seq.]"

   3. On or about **December 11, 2020**, Plaintiff served Defendant a Notice of Acknowledgment and other documents along with the Complaint. (Previously, on or about **November 10, 2020**, Plaintiff improperly attempted to serve improper defendants Intercontinental Hotels Group Resources, Inc. and Six Continents Hotels, Inc. with the Complaint). Pursuant to an agreement between counsel, Defendant executed the Notice of Acknowledgment on **December 21, 2020**. Attached to the concurrently filed Declaration of Michael J. Burns as **Exhibit B** are true and correct copies of the (1) Summons and Complaint; (2) the executed Notice of Acknowledgement; (3) the Civil Case Cover Sheet and Addendum; and (4) Notice of Case Assignment.

   4. On **January 20, 2021**, Defendant answered Plaintiff's unverified Complaint in the Superior Court of California, County of San Diego. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as **Exhibit C** to the Declaration of Michael J. Burns.

   5. **Exhibits A-C** constitute all pleadings, processes and orders served on, or filed by, Defendant in this action. (*See* Declaration of Michael J. Burns at ¶3-5.)

## II. TIMELINESS OF REMOVAL

   6. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered

by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)). Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

7. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

8. Furthermore, each defendant has thirty (30) days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2(B). Where defendants are served at different times, the later-served defendant may remove, even if the earlier-served defendant did not remove. 28 U.S.C. § 1446(b)(2(C).

9. This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint as set forth in the executed Notice of Acknowledgement dated **December 21, 2020**. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

III. **JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

10. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the

1  provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of
2  $75,000, exclusive of interest and costs, and is between citizens of different states.

3  **A.   Plaintiff is a Citizen of California**

4  11. "To establish citizenship for diversity purposes, a [natural] person must be
5  both (1) a citizen of the United States, and (2) be domiciled in [one] state." *Chamness v.*
6  *Stonebridge Life Ins. Co.*, Case No. CV09-0780 AHM (JCx), 2009 WL 734137, at *1
7  (C.D. Cal. Mar. 18, 2008) (denying plaintiff's motion for remand because defendant's
8  removal notice established complete diversity).

9  12. For diversity purposes, a person is a "citizen" of the state in which he or she
10 is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).
11 A person's domicile is the place he or she resides with the intent to remain indefinitely.
12 *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima*
13 *facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520
14 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of]
15 domicile").

16 13. Plaintiff is and, at all times since the commencement of this action has been,
17 a resident and citizen of the State of California. The Complaint alleges that, "The
18 damages upon which this action is based occurred in the County of San Diego," and that
19 "Plaintiff was a resident of the County of San Diego." (*See* Ex. A, Compl., ¶1, ¶2.)
20 Counsel for Defendant conducted a review of public records for Plaintiff, which revealed
21 that he has lived in California since at least 2018. (*See* Declaration of Michael J. Burns at
22 ¶6.) Further, Plaintiff listed a California address, and maintained a California address on
23 file during the period of his employment with Defendant. (*See* Declaration of W. Clif
24 Deaton ("Deaton Decl.") at ¶5.)

25 14. Accordingly, Plaintiff was at all relevant times, and still is, a citizen of the
26 State of California.

### B. Defendant Is Not a Citizen of California

15. Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).[1]

16. The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.*, **the "nerve center"** . . . *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

17. Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Maryland. (Deaton Decl. ¶6) Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Georgia. (*Id*).

18. Pursuant to *Davis*, 557 F.3d at 1029, and *The Hertz Corp.*, 130 S. Ct. at 1192, Defendant's principal place of business is not located in California, because its "nerve center" is located in another state. Defendant's corporate headquarters is not located in California, and its high level officers do not direct, control, and coordinate its activities in California. (*Id*).

19. Therefore, for purposes of diversity of citizenship, Defendant is a citizen of Georgia, and not a citizen of California.

---

[1] / As an initial matter, Intercontinental Hotels Group Resources, Inc. and Six Continents Hotels, Inc. are not proper defendants for this case.

## IV. AMOUNT IN CONTROVERSY

20. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.00. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

21. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

22. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, attorneys' fees, and penalties. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

23. Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of

1  certain classes of damages precludes them from being part of the amount in controversy. In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

24.  Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees, punitive damages and penalties that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.  Plaintiff Admits He Seeks Damages In Excess of $75,000.00

25.  Defendant admits he is seeking damages in excess of $75,000.00 in this matter. (*See* Ex. A, Compl., ¶17.)  While nothing more in needed for purposes of removal, the Court also should consider the following:

26.  Plaintiff was employed by Defendant from approximately August 2018 until approximately September 2019.  (Ex. A, Compl., ¶¶21, 65.)  As a result of this alleged discrimination, retaliation, and wrongful termination, Plaintiff alleges that he has suffered "substantial losses in earnings, employment benefits, employment opportunities" and "other economic losses in an amount to be determined at the time of trial."  He also suffered (and continues to suffer) " . . . humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish all to his damage in a sum to be established according to proof."  Plaintiff also seeks "punitive and exemplary damages".  (Ex. A, Compl., ¶¶ 71,72, 73, 81, 82, 83, 91, 92, 93, 104).

27.  Given that Plaintiff alleges that he was retaliated against, discriminated against and wrongfully terminated on September 20, 2019,  Plaintiff is currently seeking sixteen (16) months of compensation, benefits, etc.  And assuming that this matter goes to trial one (1) year after the date of this filing, and Plaintiff remains unemployed for the twenty eight (28) month period, Plaintiff's potential lost income, etc. could be in excess fifty ($50,000.00) thousand dollars.

28. Those damages do not include the $10,000.00 penalty that Plaintiff seeks under California Labor Code section 1102.5. (Ex. A, Compl., ¶74).

29. Additionally, should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000.00 in damages as there have been, in recent years, several verdicts in similar disability discrimination and wrongful termination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.00. *See Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.,* 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Siglin v. Carden Whittier Sch. Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) (jury award of $323,985 to employee who was wrongfully terminated in retaliation for taking medical leave in violation of the CFRA); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $75,290 to employee in discrimination and violation of California Family Rights Act action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury verdict awarding $1,630,334 to employee who brought action against employer for retaliation in violation of the CFRA); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury

award of $17,899,400 to six employees in an alleged discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,639 to employee in discriminatory termination in violation of the CFRA); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding employee $410,520 in disability discrimination action); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age and race).

30. Plaintiff's allegations that he was retaliated against, discriminated against and discharged because of his disability are factually similar to the issues in these cases. Defendants have attached these verdicts as **Exhibit D** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

### B. Emotional Distress Damages

31. Plaintiff also claims damages for emotional distress. (Ex. A, Compl., ¶¶ 72, 82, 92, 104) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to

employee in a discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

32. Plaintiff's allegations of emotional distress are similar to the issues raised in these cases. Defendants have attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

### C.  Attorney's Fees and Costs

33. Plaintiff claims that he is entitled to attorneys' fees and costs. (See Ex. A, Compl., ¶¶ 75, 84, 94, 115.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

34. Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims). Defendants have attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

35. Defendants anticipate depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000.00 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000.00 if the case proceeds to trial. (Burns Decl., ¶ 6.)

### D.  Punitive Damages

36. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (See Ex. A, Compl., ¶¶73; Prayer for Relief, ¶7.)

37. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

38. Based upon the allegations contained in the Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court.

39. Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the parties is in excess of $75,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).

### E.  California Labor Code Penalties

40. In addition to seeking $10,000.00 in penalties under California Labor Code section 1102.5, Plaintiff also seeks penalties for missed rest periods of "one additional hour of pay at the regular rate of compensation for each rest period that was not provided. (Ex. A, Compl., ¶110). And Plaintiff seeks up to thirty (30) days of waiting time penalties under California Labor Code section 203. (Ex. A, Compl., ¶¶ 115).

41. Taking into account all of the damages and penalties sought by Plaintiff, there can be no dispute that his action is therefore a proper one for removal to this Court.

## V.  VENUE

42. Venue lies in the Southern District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2). This action originally as brought in the Superior Court of the State of California,, County of San Diego, which is located within the Southern District of the State of California. (*See* Ex. A, Compl.)

NOTICE OF REMOVAL

67686839v.1

## VI. NOTICE OF REMOVAL

43. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Diego, in the State Court Action.

44. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

45. In compliance with 28 U.S.C section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through C to the concurrently filed Declaration of Michael J. Burns.

## VII. PRAYER FOR REMOVAL

46. WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

DATED: January 20, 2021            SEYFARTH SHAW LLP

By  /s/ Michael J. Burns
    Michael J. Burns

Attorneys for Defendant
IHG Management (Maryland) LLC
(incorrectly sued as
Intercontinental Hotels Group Resources, Inc. and
Six Continents Hotels, Inc.)